ILLINOIS POWER COMPANY, Plaintiff-Appellant, *v.* DAVID P. CURRIE *et al.*, Defendants-Appellees.

(No. 73-245;

Fifth District—May 26, 1975.

Sheldon A. Zabel, George B. Pletsch, and John B. Robinson, Jr., all of Schiff, Hardin & Waite, of Chicago, and David N. Conn, of Conn & Clendenin, of Sparta, for appellant.

William J. Scott, Attorney General, of Springfield (Larry E. Eaton and Thomas A. Cengel, *Assistant Attorneys General,* of counsel), for appellees.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the plaintiff, Illinois Power Company, from an order entered by the circuit court of Randolph County denying plaintiff's motion for summary judgment, granting parties defendant's motion for summary judgment, and dismissing the plaintiff's complaint for a declaratory judgment and injunction with prejudice.

The Illinois Environmental Protection Agency filed a document with the Illinois Pollution Control Board (hereinafter referred to as defendant Board) entitled "Complaint" alleging the plaintiff's violation of the Environmental Protection Act (Ill. Rev. Stat. 1971, ch. 111½, pars. 1001-1051) and certain regulations promulgated thereunder. That complaint sought the entry of an order by defendant Board directing the plaintiff to cease and desist from the alleged violations, the imposition of a fine not to exceed $10,000 for each violation, and the imposition of a fine not to exceed $1000 for each day each such violation continued. The plaintiff filed its appearance, a jury demand, and a motion to dismiss. After plaintiff was advised that its motion to dismiss had been denied, without written order or opinion, the plaintiff requested defendant Board to issue an order permitting an interlocutory appeal. This request was denied.

Thereafter the plaintiff filed its complaint requesting a declaratory judgment and injunction in the circuit court of Randolph County. The principal contention raised in the complaint was that the "hearing and method of determination authorized by Sections 30-34 of the Environmental Protection Act are unconstitutional * * *." The complaint named as parties defendant the chairman of the Illinois Pollution Control Board, David P. Currie, together with the individual members of defendant Board, and the defendant Board as a separate entity. Parties defendant moved to dismiss the complaint. The trial court denied such motion. Parties defendant then filed their answer to the complaint which raised no issue of material fact. The plaintiff and, subsequently, parties defendant each filed a motion for summary judgment. Each motion contained a memorandum in support thereof. The plaintiff and parties defendant each filed subsequent memoranda supporting their respective motions for summary judgment. The motions for summary judgment were argued before the trial court. After taking the matter under advisement the trial court

denied plaintiff's motion for summary judgment, granted parties defendant's motion for summary judgment, and dismissed plaintiff's complaint with prejudice. This appeal followed.

■■ The plaintiff raises the following two contentions: (1) that "Any determination by the Board of a violation of the Act or regulations would determine the commission of a crime and violate plaintiff's rights under the United States and Illinois Constitution"; and (2) that "Any proceeding by the Board would violate Article II, Section I and Article VI, Section I of the Illinois Constitution and would deprive plaintiff of its rights under Article I, Section 2 and Article I, Section 13 of the Illinois Constitution."

We believe a discussion of these contentions would serve no meaningful purpose in view of our supreme court's decision in *City of Waukegan v. Pollution Control Board*, 57 Ill.2d 170, 311 N.E.2d 146, which we find dispositive. Therein the court ruled that the imposition of a monetary penalty by the Pollution Control Board is constitutionally permissible. The supreme court held such ruling to be dispositive of this issue in *Southern Illinois Asphalt Co. v. Pollution Control Board*, 60 Ill.2d 204, 326 N.E.2d 406. Accordingly, we affirm the order of the circuit court of Randolph County granting parties defendant's motion for summary judgment and dismissing plaintiff's complaint with prejudice.

Order affirmed.

G. MORAN and CARTER, JJ., concur.